# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JIMMY LEE SHARBUTT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-19-719-G** |
| | ) | |
| **JOHN B. FOX,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

This matter comes before the Court for review of the Report and Recommendation ("R. & R.") (Doc. No. 8) issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). On August 21, 2019, Petitioner, a federal prisoner appearing pro se, filed his Amended Petition (Doc. No. 7) for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the length of his sentence as improperly enhanced under the Armed Career Criminal Act ("ACCA") based upon *Mathis v. United States*, 136 S. Ct. 2243 (2016). *See* Am. Pet. at 7. Judge Erwin recommends that the Amended Petition (Doc. No. 7) be dismissed for lack of statutory jurisdiction.

On September 13, 2019, Petitioner filed a timely objection to the R. & R. *See* Pet'r's Obj. (Doc. No. 9). Petitioner's Objection triggers de novo review by this Court. *See, e.g.*, *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Petitioner's objections challenge the magistrate judge's finding that Petitioner may not use the savings clause found in 28 U.S.C. § 2255(e) to test the legality of Petitioner's detention by bringing this § 2241 petition. The R. & R.

concludes that the savings clause does not provide a means for asserting claims in a § 2241 proceeding that could have been raised in a petitioner's first § 2255 motion. *See* R. & R. at 7.

Judge Erwin thoroughly discussed and applied the appropriate standard for determining whether the Court has jurisdiction in this case. *See* R. & R. at 5-7. As explained in the R. & R., Petitioner is challenging the validity of his conviction and sentence and, generally, a federal prisoner may make such a challenge only under § 2255(a). *See* R. & R. at 5 (citing *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011)). Petitioner previously sought relief attacking the legality of his conviction or sentence under 28 U.S.C. § 2255, and such relief was denied by the sentencing court. R. & R. at 2, 5. In order to file a second or successive § 2255 petition, Petitioner would need to seek leave from the Tenth Circuit—something that, as Judge Erwin correctly notes, Petitioner has not done. R. & R. at 5; *see also* 28 U.S.C. §§ 2244(b)(3), 2255(h).

A federal prisoner may resort to § 2241 to contest his conviction only in the rare circumstance that the prisoner satisfies § 2255(e)'s savings clause. R. & R. at 6. Judge Erwin concludes, and the undersigned upon independent review agrees, that Petitioner has does not satisfy his burden to demonstrate that "'the § 2255 remedial mechanism is 'inadequate or ineffective' to test the legality of his detention.'" R. & R. at 6 (quoting *Prost* 636 F.3d at 580).

Petitioner first objects on the basis that "the strongest evidence he could possibly present to meet his burden" to show § 2255 is inadequate or ineffective to provide him relief is an opinion of the Department of Justice that allegedly supports the applicability of

§ 2255(e). Pet'r's Obj. at 1; *see also* Am. Pet. at 5.[1] The Court, however, must make its determination of jurisdiction based upon authoritative law and controlling precedent rather than simply relying on one party's position on the matter. Further, as discussed below, the Court finds that even assuming Petitioner correctly states the position of the Department of Justice, he fails to establish that jurisdiction exists given the procedural history of this case and controlling case law.

Petitioner next objects to Judge Erwin's "heav[]y" reliance on *Lewis v. English*, 736 F. App'x. 749, 752 (10th Cir. 2011), arguing that unlike the petitioner in *Lewis* who failed to make a *Mathis*-type argument, Petitioner has "consistently argued from his sentencing hearing forward that his second-degree burglary conviction should not have been counted as a predicate felony for purposes of applying the ACCA." Pet'r's Obj. at 5. The Court finds that Judge Erwin did not place undue reliance on *Lewis*. The R. & R. also cites *Prost*, 636 F.3d at 590, in which the Tenth Circuit declined to apply the savings clause after the Supreme Court announced a new rule of statutory interpretation reversing circuit precedent in effect at the time of the petitioner's § 2255 motion. Moreover, as noted by the Fifth Circuit in affirming the dismissal of Petitioner's § 2241 petition, *Mathis* has been held to not apply retroactively. R. & R. at 4 (citing *Sharbutt v. Vasquez*, 749 F. App'x 307 (5th Cir. 2019)); *see also United States v. Taylor*, 672 F. App'x 860, 864-65 (10th Cir. 2016) ("Because *Mathis* did not announce a new rule, [the petitioner] cannot rely on it in a § 2255

_____

[1] The Court notes that in this case the government has not been directed to file an answer to the relevant pleading and has not otherwise presented the referenced argument.

petition filed nearly fifteen years after the judgment in his criminal case became final.");

*Sandlain v. English*, 714 F. App'x 827, 831 (10th Cir. 2017) ("*Mathis* has not been made

retroactive to cases on collateral review by the Supreme Court."). *But see, e.g.*, *United*

*States v. Lewis*, 904 F.3d 867, 872 (10th Cir. 2018) (acknowledging "that reasonable jurists

could debate whether the district court erred in declining to retroactively apply *Mathis*")

(citing cases).

Even if *Mathis* applied retroactively, the Tenth Circuit has explained that "the

possibility of an erroneous result—the denial of relief that should have been granted—does

not render the procedural mechanism Congress provided for bringing that claim (whether

it be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise) an inadequate or ineffective

*remedial vehicle . . . .*" *Prost*, 636 F.3d at 590. "The savings clause doesn't guarantee

results, only process." *Id*. Therefore, neither the failure of Petitioner's claim based upon

misapplication of the ACCA in previous attempts for relief nor the position of the

Department of Justice in another proceeding constitutes grounds to proceed under the

savings clause of § 2255.

Upon de novo review of the issues presented, the Court fully concurs with Judge

Erwin's analysis. The Court finds that it lacks statutory jurisdiction over the instant case

and that the Amended Petition should be dismissed without prejudice.

IT IS THEREFORE ORDERED that the Report and Recommendation (Doc. No. 8)

is ADOPTED and the Amended Petition (Doc. No. 7) is DISMISSED without prejudice

for lack of jurisdiction.

IT IS SO ORDERED this 6th day of January, 2020.

CHARLES B. GOODWIN
United States District Judge